UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jermaine Joseph Gomes, <br><br> Plaintiff <br><br> v. <br><br> Judge Diana L. Sullivan, et al., <br><br> Defendants | 2:15-cv-01578-JAD-VCF <br><br> **Order Granting Unopposed Motion to Dismiss Claims against John J. Piro** <br><br> [ECF 4] |

In a two-page complaint citing more than a dozen constitutional and statutory provisions, Jermaine Joseph Gomes sues more than a dozen officers, attorneys, judges, and others, for events that occurred during his justice-court case.[1]  Public Defender John J. Piro, Esq. moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the claims Gomes pleads against him.[2]  Piro argues that Gomes's claims are too thinly pled to state any plausible claim under the standards articulated by the United States Supreme Court in *Ashcroft v. Iqbal* and *Bell Atlantic Corporation v. Twombly*[3] and, regardless, Gomes cannot state a cognizable constitutional claim against Piro for his role in Gomes's state-court case because constitutional claims require state action, and public defenders like Piro are not state actors under the law.[4]

Gomes had until September 25, 2015, to oppose Piro's motion, and he was warned that his failure to file an opposition "shall constitute a consent to the granting of the motion" under this district's local rule 7-2(d).[5]  Gomes filed nothing.

---

[1] ECF 1.

[2] ECF 4.  This pro se plaintiff was provided the required notice under *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988), and *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).  *See* ECF 6.

[3] *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[4] ECF 4 at 3–4.

[5] ECF 6 at 2.

**Discussion**

Rule 12(b)(6) authorizes a court to dismiss claims when they lack the factual specificity needed to determine if the plaintiff has a plausible legal theory. In making this determination, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff.[6] Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers,[7] but a plaintiff still must provide more than mere labels and conclusions.[8] A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."[9] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[10]

In his filed complaint, plaintiff attempts to plead 4 different constitutional violations in 21 lines.[11] The only line that references Attorney Piro—nested under the heading "Const. Amend. IV."—states, "The Exclusionary Rule was invoked by public defender John J. Piro during preliminary hearing as in *Mapp v. Ohio* (1961)."[12] This lone fact fails to state a plausible claim against Piro under the *Iqbal-Twombly* plausibility standard. For this reason and for the separate and independent reason that I interpret Gomes's failure to oppose this motion as his consent to its granting,[13] I grant Piro's motion to dismiss.

---

[6] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[7] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

[8] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[9] *Iqbal*, 556 U.S. at 679.

[10] *Id.*

[11] ECF 1.

[12] ECF 1 at 1 (italics added).

[13] L.R. 7-2(d).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that John J. Piro's Motion to Dismiss [ECF 4] is GRANTED; all claims against defendant John J. Piro are DISMISSED.

Dated this 18th day of December, 2015

_____
Jennifer A. Dorsey
United States District Judge